UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-02583-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Laura Jones, at 63-year-old woman, claims that while peacefully protesting the September 15, 2017, verdict in *State of Missouri v. Stockley*,[1] St. Louis Metropolitan Police Department (SLMPD) officers pepper-sprayed her, knocked her to the ground, nearly trampled her, and then arrested her, all without provocation or cause. Plaintiff brought this action under 42 U.S.C. § 1983 against the City of St. Louis and the SLMPD officers alleged to be involved in the relevant events.  Among these officers are "John Doe" officers whom Plaintiff could not identify.

In order to try to discover the officers' identities, Plaintiff deposed Sgt. Charles Wall as a representative witness for the City, pursuant to Federal Rule of Civil Procedure 30(b)(6).  The deposition took place on June 23, 2020.  Wall testified that the team of

---

[1] In *Stockley*, the Circuit Court of the City of St. Louis acquitted police officer Jason Stockley of charges arising from the death of Anthony Lamar Smith. *State v. Stockley*, No. 16220CR02213-01 (Mo. 22nd. Jud. Cir. Sep. 15, 2017).  The instant case is one of several arising out of SLMPD officers' conduct with respect to the *Stockley* protests.

officers deployed to the *Stockley* protest sites were the South Patrol Teams 1 and 2 and that each of these two teams was further divided into Alpha, Bravo, Charlie, and Delta sub-teams.  ECF No. 54 at 2.  Wall testified that he interviewed several members of the South Patrol Teams but that he did not speak to anyone on the Delta teams because he believed, based on their positioning, they were never within proximity to Plaintiff.  *Id.*

Following Wall's deposition Plaintiff received additional photographs of the incident from a photojournalist.  Plaintiff submitted a supplemental interrogatory asking the City to identify the officers in the photographs.  Based on the City's response and other depositions taken by Plaintiff, Plaintiff has identified all but one of the officers involved in the incident.

One of the officers identified in the photographs is Jonathan Vanarsadle, a member of Delta team.[2]  Just behind Vanarsadle is Nhongshack Vorachack, another member of the Delta team.  Thus, Plaintiff argues that it is likely that the last remaining unknown officer was also a member of the Delta team.  Plaintiff asserts that she has narrowed the list of potential suspects for the last remaining officer to 32 officers in the South Patrol and that 3 of the 32 were members of the Delta team:  Austin King, David Crocker, and Michael Ronzio.

Plaintiff further asserts that the parties met and conferred on September 17, 2021 regarding whether the City had interviewed any members of the Delta teams, including but not limited to Crocker, King, and Ronzio, since the time of Wall's deposition.

---

[2]   Plaintiff asserts that Vanarsadle is one of the officers who pushed her to the ground.

Plaintiff asserts that the City promised to respond by September 20, 2021 but did not and also did not respond to a follow-up email sent on September 21, 2021 (the day Plaintiff filed her motion).

Plaintiff asks that the City be required to interview members of the South Patrol Delta teams to determine if any of those officers is the last John Doe officer in question and to supplement the interrogatory response and supplement the Rule 30(b)(6) deposition accordingly.  If these efforts do not produce the identity of the officer, Plaintiff requests that she be allowed to depose King, Crocker, and Ronzio at the City's cost.

In response, the City contends that it emailed Plaintiff's counsel mere hours after this motion was filed to inform Plaintiff whether the City had, since the time of Wall's deposition, interviewed members of the South Patrol Delta teams.  However, the City does not attach its email to its response brief or inform the Court of its answer to that question.  The City's response brief simply maintains that Plaintiff's requested relief "would be purposeless" because requiring the additional discovery would not likely lead to responsive information.  ECF No. 55.

In reply, Plaintiff advises the Court that the City's post-motion email states that the City interviewed two members of the South Patrol 1 Delta team.[3]  Plaintiff also states that she previously deposed three members of the South Patrol 1 Delta team, so "[t]hat leaves three other members of the South Patrol [1] Delta team with whom the City has

---

[3]     Plaintiff does not attach the City's email or identify the officers interviewed by the City.

not spoken and seven other officers who comprise the entire South Patrol [2] Delta Team." ECF No. 60 at 2. Plaintiff further states that, according to the City's email, Ronzio left the SLMPD in 2018 and is now a member of the St. Louis County Police Department.

Upon careful consideration of the parties' arguments, in light of the proportionality concerns set forth in Rule 26 and the standards for compelling disclosure under Rule 37 of the Federal Rules of Civil Procedure, the Court will grant Plaintiff's motion in part. As an initial matter, the Court notes that, pursuant to Local Rule 3.04, Plaintiff could and should have waited at least a short while longer or attempted to contact the City again by telephone before filing the instant motion.

Nevertheless, based on the City's response and the record before it, the Court agrees that it would be highly probative and not unduly burdensome for the City to interview the 10 members of the South Patrol Delta teams that have not yet been interviewed by the City or deposed by Plaintiffs.[4] The Court will also order the City to supplement the interrogatory response at issue with any responsive information received; and to meet and confer in good faith with Plaintiff's counsel to attempt to identify the remaining John Doe officer based on any new information received. However, the Court will deny Plaintiff's motion to the extent it requests a supplemental Rule 30(b)(6) deposition or cost-shifting for future depositions, subject to reconsideration after the

---

[4]    To the extent that Ronzio or other officers have left the department and joined neighboring police departments the Court trusts that the City will make reasonable efforts to reach those officers.

4

above-noted meet-and-confer and upon a showing of good cause and compliance with Local Rule 3.04.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **GRANTED in part**, such that Defendant City of St. Louis shall promptly interview the 10 members of the South Patrol Delta teams that have not yet been interviewed or deposed by either side; supplement the interrogatory response referenced in Plaintiff's motion with any responsive information received; and meet and confer in good faith with Plaintiff's counsel to attempt to identify the remaining John Doe officer based on any new information received.  ECF No. 53.  The motion is otherwise **DENIED**, subject to reconsideration after the above-noted meet-and-confer and upon a showing of good cause and compliance with Local Rule 3.04.

                                                            */s/ Audrey G. Fleissig*
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2021.