UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA JONES,                          )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )        Case No.  4:19-cv-02583
                                      )
CITY OF ST. LOUIS, et al.,            )
                                      )
                Defendants.           )

## MEMORANDUM AND ORDER

Plaintiff Laura Jones alleges that she was injured by officers of the St. Louis
Metropolitan Police Department ("SLMPD") while attending a protest in downtown St.
Louis.  She sued the City of St. Louis (the "City") and the SLMPD officers alleged to
have been involved in the incident, including two unidentified officers, John Does 1 and
2.

The Court previously granted Plaintiff's requests for additional time to conduct
discovery and to compel discovery and assistance from the City in order to identify John
Doe Nos. 1 and 2.  *See* ECF No. 62.  Prior to and in connection with these Court Orders,
the City produced for deposition an organizational representative tasked with reviewing
the evidence and interviewing SLMPD personnel to identify the Doe Defendants.
Nevertheless, neither Plaintiff nor the City has identified these Defendants.

On April 22, 2022, as part of its ruling on Defendants' motion for summary
judgment, the Court ordered Plaintiff to show cause why the Doe Defendants should not
be dismissed in light of Plaintiff's failure to identify them.  *See* ECF No. 91.  In her

response to that Order, Plaintiff asserts that the Court should require the City to identify the Doe Defendants and, if the City fails to do so, the Court should order the City to show cause why a default judgment should not be entered against it.

The City has also responded and asserts that it has made every effort to identify the Doe Defendants, it has not been able to do so, and default judgment would be inappropriate.

 "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (quoting *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." *Crandell*, 56 F.3d at 37.  In such a case, rather than dismissing a claim against a John Doe defendant, a court should order the disclosure of the John Doe's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery.  *Munz,* 758 F.2d at 1257.  However, once "it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention," then "[d]ismissal is proper." *Id.*

This case has reached the stage where dismissal of the Doe Defendants is proper. The deadlines to serve pleadings, amend pleadings, join parties, and conduct discovery have all passed, and the case is now on the eve of trial. *See Betts v. Jackson Cnty., Missouri*, No. 4:21-CV-00023-DGK, 2022 WL 605620, at *4 (W.D. Mo. Mar. 1, 2022)

(dismissing unidentified Doe defendants after the deadline to file an amended complaint passed).  Although the Court understands Plaintiff's frustration with the City's inability to identify the officers at issue, Plaintiff has not offered sufficient evidence to indicate that any failure of the City in this respect was intentional.  The record instead reflects that the City engaged in reasonable efforts to assist in identification.

Nor would default judgment be appropriate.  The Court lacks jurisdiction to enter default judgment against a John Doe defendant.  *See Thompson v. Mosby Legal Grp., LLC*, No. 3:12-CV-692-J-99TJC, 2013 WL 2191511, at *1 (M.D. Fla. May 21, 2013) ("[D]efault judgments cannot be entered against unnamed or fictitious parties because they have not been properly identified and served.") (citing *Sanders v. Gilbert*, 46 F.3d 1145 (9th Cir. 1995) ("A default judgment, like any other judgment, may be entered against the defendant only if the defendant has been made party to the action by service of process.")).  And Plaintiff has not cited and the Court has not found legal authority establishing that it would be appropriate to enter default judgment against the City under these circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants John Doe 1 and John Doe 2 only are **DISMISSED without prejudice**.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2022.

3