UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA JONES,                                )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )      Case No. 4:19-cv-02583-AGF
                                            )
CITY OF ST. LOUIS, MISSOURI, et al.,        )
                                            )
            Defendants.                     )

## PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S DECISION
## TO DISMISS FIRST AMENDMENT CLAIM IN LIGHT ON NEW PRECEDENT

On April 22, 2022, this Court granted summary judgment as to Plaintiff's Count I against the individual Defendants for violating her First Amendment rights under 42 U.S.C. § 1983 ("Order"). *See* D.E. 91 at 1. Plaintiff moves the Court to reconsider as new Eighth Circuit law has been issued directly on point. Resurrecting this claim will not delay or prevent the trial from moving forward, as all the evidence and nearly all the arguments on this claim are already essential to the surviving claims and will be put before a jury next week.

## BACKGROUND

On April 22, 2022, this Court granted in part the City's motion for summary judgment "with respect to Plaintiff's claims for violation of her First Amendment rights." Order at 1. The Court found:

1.    Plaintiff's First Amendment claim is deficient because she has not produced sufficient evidence to show that retaliation was a "substantial factor" which motivated the named officers' conduct.

2.    There is no evidence that the named officers targeted Plaintiff specifically because she was engaged in expressive activity at the protest; indeed, the majority of protestors in downtown St. Louis on the day in question were not arrested for their expressive activity.

3.      There were other plausible reasons that the Defendants used force against Plaintiff. Order at 16.

Plaintiffs seek reconsideration as to all three bases for the Court's decision.

### ARGUMENT

On November 1, 2022, the Eighth Circuit issued a ruling in another case that occurred on the same day as the instant matter. *Green v. City of St. Louis*, 52 F.4th 734, 738 (8th Cir. 2022). In *Green*, the Court denied the Defendant Officers' claims of qualified immunity, stating that "[C]riticism of public officials lies at the very core of speech protected by the First Amendment." *Id*. at 739.  In *Green*, the Eighth Circuit held that Ms. Green stated a claim for the violation of her First Amendment rights by pleading that the officers targeted her with chemical munitions hours *after* she was engaged in protest activity. *Id.* at 1. In denying qualified immunity for First Amendment activity, the Court held that "[p]articipating in protests to express frustration with a police department is protected First Amendment expression." *Id*. at 739.

In *Green,* the City of St. Louis made essentially same argument for qualified immunity as they made in this case. However, the Eighth Circuit held that Ms. Green's tear-gassing, even an hour after the underlying protest had died down, was connected to her First Amendment activity at the protest earlier in the night. In doing so, the Court cited to another case, Quraishi, in which an individual who was present "at the edge of a protest" sufficiently showed that the action happened in retaliation for her First Amendment activity. *Id., citing Quraishi v. St. Charles Cnty., Missouri*, 986 F.3d 831, 837 (8th Cir. 2021). Any standard requiring Plaintiff to opine on Defendants' motivation and show that there were not any other possible reasons for Defendants' use of simply does not exist.  Surely, if it is unconstitutional to target protestors for their protest

activity that occurred hours earlier in the evening, it is also unconstitutional to target protestors who are actively protesting police activity directly in front of the officer at the exact moment the officer uses force.[1] The events in *Green* occurred on the same day as the events in the instant cases. If the officers in *Green* were on notice, then it follows that the officers in this case were also on notice.

Most importantly, the Eighth Circuit reiterated that when a police officer "deploys tear gas towards law-abiding citizens, the defendant's motive is not 'so free from doubt as to justify taking it from the jury.'" *Id.* at 740. That is precisely the situation in this case.

Plaintiff was a law-abiding citizen attending a protest. She was standing in the middle of a closed intersection with her hands in the air making a peace sign. Then, Plaintiff suddenly felt as though she had been plowed by a truck. D.E. 116 at 3. Defendants Turner, Vanarsdale, and another officer rammed her with their bodies and shields, throwing her to the ground. *Id.* Defendants claim that Plaintiff simply "tripped." *Id.* However, the photographic and video evidence establish that she was pushed by the team of Sgt. Turner, Officer Vanarsdale, and an unknown officer. *Id.*

In a video captured by a local news station, while Sgt. Turner stands next to them attempting to grab Plaintiff, Officers Vanarsdale and another officer very clearly use the shields to push her as she is turning away from them. *Id.* Plaintiff curled herself into a fetal position to protect

---

[1] Reconsideration is further appropriate given the fact that much of the actions cited by the Court in its Order involved Ms. Jones's arrest, and not the excessive force used against her. The Court noted, for instance, that it was possible that Ms. Jones was arrested for interrupting the CDT line, and not because of her expressive conduct. Order at 16. But while her *arrest* may be explained by her presence in the street, it is much less plausible why she was shoved to the ground, hit with a shield while on the ground, and kicked by several officers who passed by her. Because her First Amendment claim relates to the excessive force she suffered, and not solely her arrest, this Court should respectfully reconsider its ruling.

herself. PSOUF *Id.* Blinded by the pepper spray and feeling officers' feet strike her again and again, Ms. Jones feared that officers would break her ribs or crush her skull. *Id.* She thought she was going to die. *Id.* Even though she was helpless and on the ground, Defendant DeMatteis callously shoved his shield on top of Plaintiff. *Id.* He then continued to use excessive and unnecessary force to smash her body into the pavement. *Id.* In doing so, DeMatteis applied the full weight of his body on her. *Id.* After Defendant DeMatteis eventually stopped smashing Plaintiff into the pavement, he and Defendant Hall stepped on and kicked Plaintiff's body as they walked over her. *Id.* All of this was avoidable and was done intentionally. *Id.*

These allegations alone render Defendants' motives not so free from doubt as to justify taking it from the jury.

The Eighth Circuit also reiterated, in a separate recently-issued case, that qualified immunity will not protect an officer who uses force against a peaceful citizen at a police protest. *Welch v. Dempsey*, 51 F.4th 809 (8th Cir. 2022). Like Plaintiff, Welch was at a police protest and engaged in protest activity near a line of police officers. *Id.* at 1. She was not engaged in any criminal activity and was peacefully standing with her. *Id.* And yet, a police officer pepper sprayed her in the face. *Id.* On these facts, the Eighth Circuit determined that the officer was not entitled to qualified immunity. *Id.* at 2-3.

Both *Green* and *Welch* were issued withing the last six weeks, after the district court granted qualified immunity in this case. For the same reasons that qualified immunity was rejected in *Green* and *Welch*, the Court should reconsider its dismissal of Plaintiff's First Amendment retaliation claim for excessive force.

Further, allowing Plaintiff to go forward with this claim will not prejudice Defendants in

any way. All the arguments needed to assert or defend this claim are required to assert of defend Plaintiff's 42 U.S.C § 1983 Excessive Force claim. In fact, Defendants acknowledge that Plaintiff is likely to use such evidence in its first Motion in Limine, wherein Defendants attempt to exclude any reference to the First Amendment by Plaintiff's expert. D.E. 119 at 1-2.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to reconsider its decision to dismiss Plaintiff's First Amendment retaliation claim as to use of force.

Dated:  December 5, 2022                    Respectfully submitted,

**KHAZAELI WYRSCH LLC**

/s/ Javad M. Khazaeli
Javad M. Khazaeli, 53735MO
James R. Wyrsch, 53197MO
John M. Waldron 70401MO
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
javad.khazaeli@kwlawstl.com
james.wyrsch@kwlawstl.com
jack.waldron@kwlawstl.com

**CAMPBELL LAW LLC**
Alicia Campbell, 59586MO
John Campbell, 59318MO
3470 S. Jefferson
St. Louis, Missouri 63114
alicia@campbelllawllc.com
john@campbelllawllc.com

***Attorneys for Plaintiffs***

5