UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA JONES, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:19-CV-02583 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER

Defendants submit this response in opposition to the Plaintiff's motion to reconsider the Court's decision to dismiss the Plaintiff's first amendment claim contained in Count I of the amended complaint. (Doc. 126). Plaintiff has not submitted any sufficient reason to change the Court's April 22, 2022 order dismissing Count I, so this motion should be denied.

I.   Legal Standard

The Federal Rules of Civil Procedure do not mention a motion to reconsider. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.,* No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly

1

discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)(internal quotation omitted).

II. **Argument**

    a.    The *Green* case was decided on an appeal of a pleadings-based motion, so it should not be used as a means to reconsider an order on summary judgment

Plaintiff rests her argument mainly on an Eighth Circuit Order in *Green v. City, et al.* (Doc. 126, p. 2). In that case, the City appealed the denial of a motion to dismiss, premised on qualified immunity. In order to survive a motion to dismiss, a plaintiff must only assert a claim that is plausible on the face of the complaint. *Green v. City of St. Louis*, 52 F.4th 734, 738 (8th Cir. 2022). The court is required to "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," absent any record. *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

In this case, the Court ruled on a summary judgment motion, not a motion to dismiss. (Doc. 91). On a motion for summary judgment, the moving party must show "that there is no dispute of material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To do this, the moving party must cite to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations…admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). The Court in *Green* was left only to analyze the allegations in the

complaint, which is in sharp contrast to the sizeable record the Court considered in this case. The Court carefully considered the extensive evidence used in the summary judgment motion and the response by the Plaintiff. In doing so, it found grounds to dismiss the First Amendment claims. That the Eighth Circuit found that the well-pleaded facts in a different case were sufficient to surmount the low bar of stating a plausible claim does not make it appropriate to reconsider this Court's decision on summary judgment.

> b.  The cases cited by Plaintiff do not demonstrate that there has been any change in the law sufficient to reconsider the previous ruling.

The cases cited by Plaintiff rely on the same law that this court relied on in coming to its decision. There is no new law or new precedent that was created by any of the Eighth Circuit cases cited by Plaintiff that are divergent from the precedent previously in place.

Additionally, the cases that Plaintiff cites are not factually on point with the instant case. In *Welch v. Dempsey,* the plaintiff was not arrested. 51 F.4th 809, 811 (8th Cir. 2022). Similarly, there is no allegation the plaintiff in *Green* was arrested. *Green v. City of St. Louis,* 52 F.4th at 738. In the *Welch* case, the defendant fired chemical munitions out of an armored vehicle, after being on the scene for a few seconds and there were no allegations of assaultive behavior or property damage at the time of the incident. *Welch*, 51 F.4th at 811. These cases are not factually similar such that the Court should reconsider its ruling to dismiss Plaintiff's First Amendment claims in this case.

As discussed in this Court's summary judgment order, this case is more closely

3

analogous to *Mitchell v. Kirchmeier*, 28 F.4th 888 (8th Cir. 2022). In *Mitchell*, the court considered a retaliatory use of force claim against police officers who allegedly shot a protestor with impact munitions during a protest. The Eighth Circuit affirmed a Rule 12(b)(6) dismissal of the First Amendment retaliatory use of force claims and held that the "only plausible inference to draw from these allegations is that the [defendant officers'] response to [plaintiff's] presence on the bridge was driven by their understanding of their responsibilities as officials charged with maintaining law and order." *Id.* at 896-87. Cf. *Thayer v. Chiczewski*, 705 F.3d 237, 249, 253-54 (7th Cir. 2012). The court held that the fact "[plaintiff] made his statement shortly before the officers shot him does not make it plausible that the statement was a but-for motivating cause of the officers' use of force." *Id.* at 897 (citing *Nieves v. Bartlett,* 139 S. Ct. 1715, 1722 (2019)). Finally, the court held:

> Officers merely carrying out their duty as they understand it are not liable for retaliatory arrest or retaliatory use of force even if their understanding of their duty is mistaken—indeed, even if it is so mistaken as to be "unreasonable." *Baribeau*, 596 F.3d at 481.

So this Court should not consider its well-reasoned order and reverse its prior decision to dismiss the first amendment claims.

4

### III. Readiness for Trial

If this Court grants Plaintiff's motion to reconsider, Defendants request that the trial be continued as the new claim would cause changes to the way that Defendants conduct their case and the evidence they present to the jury.

### Conclusion

Plaintiff's motion to reconsider the ruling to dismiss her First Amendment claims should be dismissed. One of the cases cited was decided on a review of a motion to dismiss, and therefore a different standard. None of the cases cited by Plaintiff create a new legal standard that would require reversal of the Court's previous ruling. Finally, the cases cited are not factually similar and should not be used as a means of reversing this Court's summary judgment order. So, Plaintiff's motion should be dismissed.

> Respectfully submitted,
> SHEENA HAMILTON
> CITY COUNSELOR
>
> */s/ Brandon Laird*
> Abby Duncan 67766 MO
> Associate City Counselor
> duncana@stlouis-mo.gov
> Brandon Laird  65564 MO
> Associate City Counselor
> lairdb@stlouis-mo.gov
> Adriano Martinez, #69214MO
> Assistant City Counselor
> martineza@stlouis-mo.gov
> 1200 Market St.
> City Hall, Rm 314
> St. Louis, MO 63103
> 314-622-3361
> Fax 314-622-4956