UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:19-cv-02583 |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion (ECF No. 126) to reconsider, filed on December 5, 2022, one week before the jury trial is set to begin in this action. Plaintiff asks the Court to reconsider its April 22, 2022 Memorandum and Order (ECF No. 91) (the "Order") granting in part Defendants' motion for summary judgment, to the extent that the Order granted the individual Defendants summary judgment on the basis of qualified immunity as to Plaintiff's claim alleging First Amendment retaliation pursuant to 42 U.S.C. § 1983.  In light of the upcoming trial setting, the Court gave Defendants until December 8, 2022 to respond to Plaintiff's motion to reconsider. Defendants timely filed their opposition.  ECF No. 131.  For the reasons set forth below, the Court will deny Plaintiff's motion.

**BACKGROUND**

In its Order, the Court held that Plaintiff had not shown that it was clearly

1

established that the individual Defendants' conduct under the circumstances—including pushing, kicking or striking, and arresting Plaintiff while the officers advanced as part of a police skirmish line—would have been a violation of the First Amendment. The Court reasoned that Plaintiff had not produced sufficient evidence to show that retaliation was a "substantial factor" which motivated the individual Defendants' conduct. The Court noted that the record lacked evidence that the individual Defendants targeted Plaintiff specifically because she was engaged in expressive activity at the protest; that the evidence instead tended to support the alternative explanation that the Defendants targeted Plaintiff because she interfered with the advance of the police skirmish line; and that the fact that the Defendants were being pelted with water bottles and pieces of concrete thrown by certain members of the crowd at the time bolstered Defendants' non-retaliatory justification that any use of force was in an attempt to maintain order. *See* ECF No. 91 at 15-17 (citing *Mitchell v. Kirchmeier*, 28 F.4th 888, 897– 98 (8th Cir. 2022) (holding that retaliatory animus had not been plausibly alleged where the protestor plaintiff was injured by law enforcement "after [he] stood in their way and ignored a [warning to disperse]")).

    The Court specifically noted that it was expressing no opinion as to whether an unnamed (and now dismissed) Defendant, John Doe No. 1, was liable for First Amendment retaliation by virtue of his use of pepper spray against Plaintiff. As the Court explained, based on Plaintiff's own pleadings, the officer who deployed pepper

2

spray had not been identified, and none of the named Defendant officers was alleged to have participated in the use of pepper spray against Plaintiff.  Because qualified immunity requires an individualized analysis for each defendant, the Court held that the conduct of the unidentified officer was irrelevant to the issue of whether the remaining individual Defendants violated Plaintiff's First Amendment rights. *See id.* at 16 n.4 (citing *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017)).

## DISCUSSION

Although district courts have discretion in ruling on motions for reconsideration, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).  Reconsideration is not warranted here.  The Court carefully considered the arguments that Plaintiffs presented in opposition to Defendants' summary judgment motion and presents again now for reconsideration.   The Court continues to believe that summary judgment was warranted on  Plaintiff's First Amendment retaliation claim.

Plaintiff bases her motion on two rulings by the Eighth Circuit, *Green v. City of St. Louis*, 52 F.4th 734 (8th Cir. 2022), issued on November 1, 2022, and *Welch v. Dempsey*, 51 F.4th 809 (8th Cir. 2022), issued on October 20, 2022.  Both cases were issued more than a month ago and relied on pre-existing precedent.  Yet Plaintiff waited

3

until the eve of trial to file the instant motion.[1]  Granting reconsideration would most likely require a continuation of the trial setting in this more than three-year-old case.[2]  Plaintiff's delay weighs against reconsideration.

Further, neither *Green* nor *Welch* is dispositive here due to their significantly distinguishable facts.  On the motion to dismiss record in *Green*[3] and summary judgment record in *Welch*, the Eighth Circuit assumed that the police officers in those cases sprayed the plaintiffs with tear gas while they were leaving or recording a protest, notwithstanding that the scene around the plaintiffs was relatively calm, the plaintiffs were positioned some distance away from the primary protest activity, and neither the plaintiffs nor anyone immediately surrounding them was posing any threat.  On such facts, the Eighth Circuit held that the officers could be found to have violated the plaintiffs' clearly established First Amendment right to be free from a retaliatory use of force and were therefore not entitled to qualified immunity.  *See Green*, 52 F.4th at 740; *Welch*, 51 F.4th at 813.  The Eighth Circuit reasoned that "when a defendant deploys tear gas towards law-abiding citizens, the defendant's motive is not so free from doubt as to

---

[1]  In this regard, the Court notes that the attorneys representing Plaintiff herein also represented the plaintiff in *Green*.

[2]  Indeed, were the Court to grant the motion for reconsideration, and reinstate the First Amendment claim, Defendants might seek an interlocutory appeal.

[3]  The fact that *Green* considered a motion to dismiss also distinguishes it from this case, where the Court was not limited to Plaintiff's complaint but instead considered a more complete summary judgment record that included video evidence.

4

justify taking it from the jury." *Green*, 52 F.4th at 740 (quoting *Quraishi v. St. Charles Cnty.*, 986 F.3d 831, 838 (8th Cir. 2021)).

Here, by contrast, Plaintiff admits that she was at the front of a crowd of protestors, that some protestors in the crowd were throwing water bottles and pieces of concrete toward the officers, and that Defendants' use of force was deployed in connection with the advance of a police skirmish line. Based on existing precedent at the time of this incident, as described by the caselaw cited in the Court's Memorandum and Order, it was not clearly established that Defendants' actions would violate Plaintiff's First Amendment right to be free from a retaliatory use of force. *See, e.g.*, *Mitchell*, 28 F.4th at 897–98 (holding based on decades-old precedent that a similar set of facts suggested that the officers were motivated by the plaintiff's refusal to move rather than his speech, and may have given rise to a finding of excessive force but not retaliatory animus). Nothing in *Green* or *Welch*, or the precedent on which those cases relied, alters this conclusion.

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. ECF No. 126.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2022.

5