**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:19-CV-02583** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' AMENDED PROPOSED JURY INSTRUCTIONS**

Defendants Brian DeMatteis, Timothy Turner, and Jonathan Vanarsdale, by and through undersigned counsel, hereby submit Defendants' Amended Proposed Jury Instructions.[1] Defendants reserve the right to submit requests for additional or modified instructions at least ten days before trial.[2]

---

[1] Defendants amended instructions differ slightly from their proposed instructions filed on November 22, 2022. (Doc. 110). Changes are bolded and highlighted.

[2] In order to prepare these proposed instructions, Defendants used the Eighth Circuit Model Civil Jury Instructions available online at https://juryinstructions.ca8.uscourts.gov.

1

INSTRUCTION NO. ___

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off.

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

8TH CIR. CIVIL JURY INSTR. § 1.01 (2021)
Submitted by Defendants

3

INSTRUCTION NO. ___

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed  you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.[1]

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

8TH CIR. CIVIL JURY INSTR. § 1.02 (2021)
Submitted by Defendants

4

INSTRUCTION NO. ___

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions.  I may also give you instructions during the trial.  All instructions - those I give you now and those I give you later - are equally important and you must follow them all.

You must leave your cell phone, PDA,  smart phone, iPhone, tablet computer, and any other wireless communication devices in  the jury room during the trial and may only use them during breaks.  However, you are not  allowed to have those devices in the jury room during your deliberations. You may give them to the court security officer for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by the Plaintiff Laura Jones against the Defendants Brian DeMatteis, Timothy Turner, and Jonathan Vanarsdale. The plaintiff claims that her fourth amendment rights were violated by use of excessive force during her arrest at a protest on September 15, 2017. It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against the Defendants.

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions.  That is how you will reach your verdict.  Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what

testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

8TH CIR. CIVIL JURY INSTR. § 1.03 (2021)
Submitted by Defendants

6

INSTRUCTION NO. ____

When I use the word "evidence," I mean the testimony of witnesses; documents  and other things I receive as exhibits; facts that I tell you the parties have agreed are true;  and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not  evidence.

2. Documents or other things that might be in court or talked about, but that I do  not receive as exhibits, are not evidence.

3.  Objections are not evidence. Lawyers have a right –  and sometimes a duty – to  object when they believe something should not be a part of the trial.  Do not be  influenced one way or the other by objections.

If I sustain a lawyer's objection to a  question or an exhibit, that means the law does not allow you to consider that  information.  When that happens, you have to ignore the question or the exhibit, and you  must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard,  are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not  evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose  only, and not for any other purpose.  If that happens, I will tell you what purpose you can  consider the evidence for and what you are not allowed to consider it for.  You need to  pay close attention when I give an instruction about evidence that you can consider for  only certain purposes, because you might not

have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial  evidence." You should not be concerned with those terms, since the law makes no  distinction between the weight to be given to direct and circumstantial evidence.

8TH CIR. CIVIL JURY INSTR. § 1.04 (2021)
Submitted by Defendants

**LIMITING INSTRUCTION REGARDING SPECIAL ORDER ON USE OF FORCE**

You may hear evidence of the Police Department's Special Order 1-01 on Use of Force. An internal police policy, like the Use of Force policy, has no bearing on whether Defendants committed excessive force or battery against the plaintiff, even if you believe the policy was violated. The Special Order is being offered to provide context for use of force by police officers, and should be used for that purpose only. The elements of plaintiff's claim for excessive force and battery are found in Instruction Nos. _____.

Submitted by Defendants

INSTRUCTION NO. ____

During the trial, I will sometimes need to talk privately with the lawyers.  I may  talk with them here at the bench while you are in the courtroom, or I may call a recess  and let you leave the courtroom while I talk with the lawyers.  Either way, please  understand that while you are waiting, we are working.  We have these conferences to  make sure that the trial is proceeding according to the law and to avoid confusion or  mistakes.  We will do what we can to limit the number of these conferences and to keep  them as short as possible.

8TH CIR. CIVIL JURY INSTR. § 1.05 (2021)
Submitted by Defendants

10

INSTRUCTION NO. ___

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide with a pad of paper and a pen or pencil. At each recess, leave them _____.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

8TH CIR. CIVIL JURY INSTR. § 1.06 (2021)
Submitted by Defendants

11

INSTRUCTION NO. ____

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the deputy clerk.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side –  even if it is just about the weather – that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I

accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other

places, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be.  Keep an open mind until after you and your fellow jurors have discussed all the  evidence.

8TH CIR. CIVIL JURY INSTR. § 1.08 (2021)
Submitted by Defendants

INSTRUCTION NO. ___

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement.  Next, the  Defendants' lawyer may make an opening statement. An opening statement is not  evidence, but it is a summary of the evidence the  lawyers expect you will see and hear  during the trial.

After opening statements, the plaintiff will then present evidence.  The Defendants' lawyer will have a chance to cross-examine the plaintiff's  witnesses.  After the plaintiff has finished presenting his case, the  Defendants may present evidence, and the plaintiff's lawyer will have a chance to  cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the  lawyers will make closing arguments that summarize and interpret the evidence.  Just as  with opening statements, closing arguments are not evidence.  After the closing  arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

8TH CIR. CIVIL JURY INSTR. § 1.09 (2021)
Submitted by Defendants

15

INSTRUCTION NO. ___

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.   You must keep your mind open and free of outside information.   Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8TH CIR. CIVIL JURY INSTR. § 2.01 (2021)
Submitted by Defendants

INSTRUCTION NO. ___

The Plaintiff and the Defendants have stipulated -- that is, they have agreed -- that  the

following facts are true. You must, therefore, treat those facts as having been proved.


8TH CIR. CIVIL JURY INSTR. § 2.03 (2021)
Submitted by Defendants

[**READ STIPULATION HERE**]

INSTRUCTION NO. ___

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as  those I give you now.  Do not single out some instructions and ignore others, because they are all important.  This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of all of the instructions in the jury room.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

8TH CIR. CIVIL JURY INSTR. § 3.01 (2021)
Submitted by Defendants

19

INSTRUCTION NO. ___

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

8TH CIR. CIVIL JURY INSTR. § 3.02 (2021)
Submitted by Defendants

INSTRUCTION NO. ___

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

8TH CIR. CIVIL JURY INSTR. § 3.03 (2021)
Submitted by Defendants

INSTRUCTION NO. ____

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence,  if you find that it is more likely true than not true.  You decide that by considering all of  the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a  stricter standard than "more likely true than not true."  It applies in criminal cases, but not  in this civil case; so put it out of your mind.

8TH CIR. CIVIL JURY INSTR. § 3.04 (2021)
Submitted by Defendants

INSTRUCTION NO. ____

You have heard testimony from experts who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

8TH CIR. CIVIL JURY INSTR. § 3.05 (2021)
Submitted by Defendants

INSTRUCTION NO. ____

There are rules you must follow when you go to the jury room to deliberate and  return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions  and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered  all the evidence, discussed the evidence fully with your fellow jurors, and listened to the  views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you  should.  But, do not come to a decision just because other jurors think it is right, or just to  reach a verdict. Remember you are not for or against any party.  You are judges – judges  of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case

24

with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the bailiff that you are ready to return to the courtroom.

8TH CIR. CIVIL JURY INSTR. § 3.07 (2021)
Submitted by Defendants

INSTRUCTION NO. _____

The plaintiff Laura Jones brings her claim under the federal statute, 42 U.S.C. § 1983, which

provides that any person or persons who, "under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured

by the Constitution or laws of the United States shall be liable to the injured party.

8TH CIR. CIVIL JURY INSTR. § 4.01 (2021)
Submitted by Defendants

INSTRUCTION NO. ___

Your verdict must be for plaintiff Laura Jones and against defendant Brian DeMatteis for excessive use of force if all the following elements have been proved:

*First*, the defendant pushed the plaintiff to the ground, ==hit the plaintiff with his shield and stepped on the plaintiff when in the process of arresting or stopping her==; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proven, then your verdict must be for the defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

8TH CIR. CIVIL JURY INSTR. § 4.40 (2021)
Submitted by Defendants

27

INSTRUCTION NO. ___

Your verdict must be for plaintiff Laura Jones and against defendant Timothy Turner for excessive use of force if all the following elements have been proved:

*First*, the defendant ==pushed the plaintiff to the ground or pepper sprayed the plaintiff== when in the process of arresting or stopping her; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proven, then your verdict must be for the defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

8TH CIR. CIVIL JURY INSTR. § 4.40 (2021)
Submitted by Defendants

28

INSTRUCTION NO. ___

Your verdict must be for plaintiff Laura Jones and against defendant Jonathan Vanarsdale for excessive use of force if all the following elements have been proved:

*First*, the defendant **hit the plaintiff with his shield when in the process of arresting or stopping her**; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proven, then your verdict must be for the defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

8TH CIR. CIVIL JURY INSTR. § 4.40 (2021)
Submitted by Defendants

29

INSTRUCTION NO. ___

Your verdict must be for plaintiff Laura Jones on plaintiff's claim of battery against Brian

DeMatteis if you believe:

*First*, defendant Brian DeMatteis intentionally ==hit the plaintiff with his shield and stepped

on the plaintiff==, and

*Second*, defendant thereby used more force than was reasonably necessary, and

*Third*, defendant thereby caused plaintiff bodily harm.

Unless you believe that plaintiff is not entitled to recovery by reason of Instruction Numbers

____.

Mo. Approved Jury Instr. (Civil) § 23.02 (8th ed)
Modified in compliance with Notes on Use No. 2
Submitted by Defendants

30

INSTRUCTION NO. ___

Your verdict must be for defendant Brian DeMatteis on plaintiff's claim of battery if you believe:

*First*, defendant had reasonable cause to apprehend and did apprehend offensive contact from the plaintiff Laura Jones, and

*Second*, defendant did not create the situation that caused defendant's apprehension, and

*Third*, the act of **hitting the plaintiff with his shield and stepping on the plaintiff** was in defense against this apprehended offensive contact, and

*Fourth*, defendant used only such force as was reasonable and necessary.

Mo. Approved Jury Instr. (Civil) § 32.11 (8th ed)
Submitted by Defendants

INSTRUCTION NO. ____

Your verdict must be for defendant Brian DeMatteis on plaintiff's claim of battery if you believe:

*First*, defendant reasonably believed the arrest of plaintiff Laura Jones was lawful;

*Second*, the act of **hitting the plaintiff with his shield and stepping on the plaintiff** was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's underlying intent or motivation.

RSMo. § 563.046
Submitted by Defendants

INSTRUCTION NO. ____

Your verdict must be for plaintiff Laura Jones on plaintiff's claim of battery against Timothy

Turner if you believe:

*First*, defendant Timothy Turner intentionally **pushed the plaintiff to the ground or pepper**

**sprayed the plaintiff,** and

*Second*, defendant thereby used more force than was reasonably necessary, and

*Third*, defendant thereby caused plaintiff bodily harm.

Unless you believe that plaintiff is not entitled to recovery by reason of Instruction Numbers

____.

Mo. Approved Jury Instr. (Civil) § 23.02 (8th ed)
Modified in compliance with Notes on Use No. 2
Submitted by Defendants

INSTRUCTION NO. ____

Your verdict must be for defendant Timothy Turner on plaintiff's claim of battery if you believe:

*First*, defendant had reasonable cause to apprehend and did apprehend offensive contact from plaintiff Laura Jones, and

*Second*, defendant did not create the situation that caused defendant's apprehension, and

*Third*, the act of **pushing the plaintiff to the ground or pepper spraying the plaintiff** was in defense against this apprehended offensive contact, and

*Fourth*, defendant used only such force as was reasonable and necessary.

Mo. Approved Jury Instr. (Civil) § 32.11 (8th ed)
Submitted by Defendants

34

INSTRUCTION NO. ___

Your verdict must be for defendant Timothy Turner on plaintiff's claim of battery if you believe:

*First*, defendant reasonably believed the arrest of plaintiff Laura Jones was lawful;

*Second*, the act of **pushing the plaintiff to the ground or pepper spraying the plaintiff** was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's underlying intent or motivation.

RSMo. § 563.046
Submitted by Defendants

INSTRUCTION NO. ____

Your verdict must be for plaintiff Laura Jones on plaintiff's claim of battery against Jonathan

Vanarsdale if you believe:

*First*, defendant Jonathan Vanarsdale intentionally **hit the plaintiff with his shield**, and

*Second*, defendant thereby used more force than was reasonably necessary, and

*Third*, defendant thereby caused plaintiff bodily harm.

Unless you believe that plaintiff is not entitled to recovery by reason of Instruction Numbers

____ .

Mo. Approved Jury Instr. (Civil) § 23.02 (8th ed)
Modified in compliance with Notes on Use No. 2
Submitted by Defendants

36

INSTRUCTION NO. ___

Your verdict must be for defendant Jonathan Vanarsdale on plaintiff's claim of battery if you believe:

*First*, defendant had reasonable cause to apprehend and did apprehend offensive contact from plaintiff Laura Jones, and

*Second*, defendant did not create the situation that caused defendant's apprehension, and

*Third*, the act of **hitting the plaintiff with his shield** was in defense against this apprehended offensive contact, and

*Fourth*, defendant used only such force as was reasonable and necessary.

Mo. Approved Jury Instr. (Civil) § 32.11 (8th ed)
Submitted by Defendants

INSTRUCTION NO. ___

Your verdict must be for defendant Jonathan Vanarsdale on plaintiff's claim of battery if you believe:

*First*, defendant reasonably believed the arrest of plaintiff Laura Jones was lawful;

*Second*, the act of **hitting the plaintiff with his shield** was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's underlying intent or motivation.

RSMo. § 563.046
Submitted by Defendants

INSTRUCTION NO. ___

If you find in favor of the plaintiff under Instruction ____, you must award her an amount of money that will fairly compensate her for any damages you find the plaintiff sustained as a direct result of the conduct of the Defendants as submitted in Instruction _____.

The plaintiff's claim for damages includes three distinct types of damages and you must consider them separately:

    1. *First*, you must determine physical pain and emotional suffering the plaintiff has experienced; the nature and extent of the injury, whether the injury is temporary or permanent;

    2. *Second*, you must determine reasonable value of the medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff; and

    3. *Third*, you must determine wages the plaintiff has lost because of her diminished ability to work.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

8TH CIR. CIVIL JURY INSTR. § 4.70 (2021)
Submitted by Defendants

INSTRUCTION NO. ___

If you find in favor of the plaintiff under Instruction _____, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

8TH CIR. CIVIL JURY INSTR. § 4.71 (2021)
Submitted by Defendants

## **VERDICT DIRECTOR**

**Note**:          Complete this form by writing in the names required by your verdict.

On plaintiff Laura Jones' claim against Defendants Brian DeMatteis, Timothy Turner, and Jonathan Vanarsdale, for excessive force as submitted in Instruction Nos. _____, we find in favor of

_____
                    (Plaintiff Laura Jones)              or              (Defendant Brian DeMatteis)

_____

_____
                    (Plaintiff Laura Jones)              or              (Defendant Timothy Turner)

_____

_____
                    (Plaintiff Laura Jones)              or              (Defendant Jonathan Vanarsdale)

_____

On plaintiff Laura Jones' claim against Defendants Brian DeMatteis, Joshua Hall, Timothy Turner, and Jonathan Vanarsdale, for battery as submitted in Instruction Nos. _____, we find in favor of

_____

      (Plaintiff Laura Jones)      or      (Defendant Brian DeMatteis)

_____


_____

      (Plaintiff Laura Jones)      or      (Defendant Timothy Turner)

_____


_____

      (Plaintiff Laura Jones)      or      (Defendant Jonathan Vanarsdale)

_____


8TH CIR. CIVIL JURY INSTR. § 4.80 (2021)
Submitted by Defendants

**Note**:        Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff.

We find plaintiff Laura Jones' damages to be:

$ _____ (state the amount or, if none, write the word "none") (stating the amount, or if you find that the plaintiff's damages have no monetary value, state the nominal amount of $1.00).

_____
Foreperson

Dated: _____

43

Respectfully submitted,

Sheena Hamilton,
CITY COUNSELOR

By: */s/ Abby Duncan*
    Abby Duncan, #67766MO
    Associate City Counselor
    Brandon Laird, #65564MO
    Associate City Counselor
    Adriano Martinez, #69214MO
    Assistant City Counselor
    1200 Market Street
    City Hall Room 314
    St. Louis, MO 63103
    Telephone: (314) 622-3361
    Facsimile: (314) 622-4652
    DuncanA@stlouis-mo.gov

    *Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2022, the foregoing was emailed electronically to Sara Armbrecht, Judicial Assistant to Judge Fleissig, at sara_armbrecht@moed.uscourts.gov, and copied electronically to Plaintiff's counsel, including Alicia Campbell, alicia@campbelllawllc.com, James Wyrsch, james.wyrsch@kwlawstl.com, and Javad Khazaeli, javad.khazaeli@kwlawstl.com.  In addition, I hereby certify that on December 11, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

    */s/ Abby Duncan*
    Abby Duncan
    Associate City Counselor