UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA JONES,                                )
                                            )
            Plaintiff,                      )
                                            )
      vs.                                   )          No. 4:19-cv-02583-AGF
                                            )
SGT. TIMOTHY TURNER,                        )
OFC. JONATHAN VANARSDALE, and               )
OFC. BRIAN DEMATTEIS,                       )
                                            )
            Defendants.                     )

## <u>CLOSING JURY INSTRUCTIONS</u>

1

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**INSTRUCTION NO. 2**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

4

## INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

**INSTRUCTION NO. 5**

You have heard testimony from experts who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

6

**INSTRUCTION NO. 6**

You have heard evidence of the Police Department's Special Order 1-01 on Use of Force
and Operations Plan. An internal police policy, like the Use of Force Policy or Operations Plan,
may be relevant but is not determinative of whether Defendants committed excessive force or
battery against Plaintiff, even if you believe the policy was violated. The elements of Plaintiff's
claims for excessive use of force and battery are found in Instruction Nos. 8, 9, 11, 12, 14 and 15.

7

**INSTRUCTION NO. 7**

Plaintiff Laura Jones brings her excessive use of force  claims  under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## INSTRUCTION NO. 8

Your verdict must be for Plaintiff Laura Jones and against Defendant Brian DeMatteis on Plaintiff's excessive use of force claim against Defendant Brian DeMatteis if all the following elements have been proved:

*First*, Defendant Brian DeMatteis hit Plaintiff with his shield and/or stepped on Plaintiff when in the process of arresting or stopping her; and

*Second,* the force used was excessive because it was not reasonably necessary to arrest Plaintiff or take her into custody; and

*Third*, as a direct result, Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the severity of the crime that Plaintiff was accused of committing; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

In determining whether Plaintiff was injured, it is sufficient if the injury is minor, or *de minimis*.

9

**INSTRUCTION NO. 9**

Your verdict must be for Plaintiff Laura Jones and against Defendant Brian DeMatteis on Plaintiff's claim for battery against Defendant Brian DeMatteis if you believe:

*First,* Defendant Brian DeMatteis intentionally hit Plaintiff with his shield and/or stepped on Plaintiff; and

*Second*, Defendant thereby used more force than was reasonably necessary; and

*Third*, Defendant thereby caused Plaintiff bodily harm.

Unless you believe that Plaintiff is not entitled to recovery by reason of Instruction No. 10.

10

**INSTRUCTION NO. 10**

Your verdict must be for Defendant Brian DeMatteis and against Plaintiff Laura Jones on Plaintiff's claim for battery against Defendant Brian DeMatteis as set forth in Instruction No. 9 if you believe:

*First*, Defendant reasonably believed the arrest of Plaintiff by the St. Louis Metropolitan Police was lawful; and

*Second*, the act of hitting Plaintiff with his shield and/or stepping on Plaintiff was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene, without regard to the officer's underlying intent or motivation.

11

**INSTRUCTION NO. 11**

Your verdict must be for Plaintiff Laura Jones and against Defendant Timothy Turner on Plaintiff's excessive use of force claim against Defendant Timothy Turner if all the following elements have been proved:

*First*, Defendant Timothy Turner grabbed Plaintiff causing her to fall to the ground when in the process of arresting or stopping her; and

*Second,* the force used was excessive because it was not reasonably necessary to arrest Plaintiff or take her into custody; and

*Third*, as a direct result, Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the severity of the crime that Plaintiff was accused of committing; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

In determining whether Plaintiff was injured, it is sufficient if the injury is minor, or *de minimis*.

12

**INSTRUCTION NO. 12**

Your verdict must be for Plaintiff Laura Jones and against Defendant Timothy Turner on Plaintiff's claim for battery against Defendant Timothy Turner if you believe:

*First,* Defendant Timothy Turner intentionally grabbed Plaintiff causing her to fall to the ground; and

*Second,* Defendant thereby used more force than was reasonably necessary; and

*Third,* Defendant thereby caused Plaintiff bodily harm.

Unless you believe that Plaintiff is not entitled to recovery by reason of Instruction No. 13.

13

## INSTRUCTION NO. 13

Your verdict must be for Defendant Timothy Turner and against Plaintiff Laura Jones on Plaintiff's claim for battery against Defendant Timothy Turner as set forth in Instruction No. 12 if you believe:

*First*, Defendant reasonably believed the arrest of Plaintiff by the St. Louis Metropolitan Police was lawful; and

*Second*, the act of grabbing Plaintiff causing her to fall to the ground was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene, without regard to the officer's underlying intent or motivation.

14

## INSTRUCTION NO. 14

Your verdict must be for Plaintiff Laura Jones and against Defendant Jonathan Vanarsdale on Plaintiff's excessive use of force claim against Defendant Jonathan Vanarsdale if all the following elements have been proved:

*First*, Defendant Jonathan Vanarsdale pushed Plaintiff to the ground with his shield when in the process of arresting or stopping her; and

*Second,* the force used was excessive because it was not reasonably necessary to arrest Plaintiff or take her into custody; and

*Third*, as a direct result, Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant.

In determining whether the force, if any, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the severity of the crime that Plaintiff was accused of committing; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

In determining whether Plaintiff was injured, it is sufficient if the injury is minor, or *de minimis*.

## INSTRUCTION NO. 15

Your verdict must be for Plaintiff Laura Jones and against Defendant Jonathan Vanarsdale on Plaintiff's claim for battery against Defendant Jonathan Vanarsdale if you believe:

*First*, Defendant Jonathan Vanarsdale intentionally pushed Plaintiff to the ground with his shield; and

*Second*, Defendant thereby used more force than was reasonably necessary; and

*Third*, Defendant thereby caused Plaintiff bodily harm;

Unless you believe that Plaintiff is not entitled to recovery by reason of Instruction No. 16.

16

**INSTRUCTION NO. 16**

Your verdict must be for Defendant Jonathan Vanarsdale and against Plaintiff Laura Jones on Plaintiff's claim for battery against Defendant Jonathan Vanarsdale as set forth in Instruction No. 15 if you believe:

*First*, Defendant reasonably believed the arrest of Plaintiff by the St. Louis Metropolitan Police was lawful; and

*Second*, the act of pushing Plaintiff to the ground with his shield was objectively reasonable in light of the totality of the particular facts and circumstances confronting the officer on the scene, without regard to the officer's underlying intent or motivation.

17

## INSTRUCTION NO. 17

If you find in favor of Plaintiff on any of her claims under Instruction Nos. 8, 9, 11, 12, 14 or 15, then you must award Plaintiff an amount of money that will fairly compensate Plaintiff for any damages you find Plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the conduct of Defendants as submitted in Instruction Nos. 8, 9, 11, 12, 14 and 15.

In determining Plaintiff's claim for damages, you must determine physical pain and emotional suffering Plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury; whether the injury is temporary or permanent; and any aggravation of a pre-existing condition.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

18

**INSTRUCTION NO. 18**

If Plaintiff Laura Jones had a pre-existing condition making her more susceptible to injury than a person in normal health, then the particular Defendant at issue is responsible for the injuries and damages suffered by Plaintiff, but only for the extent to which the Defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was before the incident in question.

19

## INSTRUCTION NO. 19

If you find in favor of Plaintiff under Instruction Nos. 8, 9, 11, 12, 14 or 15, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. 20

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of Plaintiff on her excessive use of force claims against any Defendant under Instruction Nos. 8, 11, or 14,  and if it has been proved that the conduct of that Defendant as submitted in Instruction Nos. 8, 11, or 14 was malicious or recklessly indifferent to Plaintiff's constitutional rights then you may, but are not required to, award Plaintiff an additional amount of money as punitive damages for the purposes of punishing that Defendant for engaging in misconduct and deterring that Defendant and others from engaging in similar misconduct in the future. You should presume that Plaintiff has been made whole for her injuries by the damages awarded under Instruction No. 17.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the Defendant's conduct was. In this regard, you may consider whether the harm suffered by Plaintiff was physical or economic or both; and whether there was violence or reckless disregard for human health or safety.

2. How much harm the Defendant's wrongful conduct caused Plaintiff and could cause Plaintiff in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for his wrongful conduct toward Plaintiff and to deter the Defendant from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against those Defendants may be the same or they may be different.

**INSTRUCTION NO. 21**

If you find in favor of Plaintiff on her claim for battery against any Defendant under Instruction Nos. 9, 12, or 15, and if it has been proved that the conduct of that Defendant as submitted in Instruction Nos. 9, 12, or 15 was outrageous because of that Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff entitled under Instruction No. 17, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish that Defendant and to deter that Defendant from like conduct.

23

## INSTRUCTION NO. 22

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.  You are only permitted to discuss the

24

case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:19-cv-02583-AGF |
| | ) | |
| SGT. TIMOTHY TURNER, | ) | |
| OFC. JONATHAN VANARSDALE, and | ) | |
| OFC. BRIAN DEMATTEIS, | ) | |
| | ) | |
| Defendants. | ) | |

## **VERDICT**

**Note:** Complete this form by writing in the names required by your verdict.

On Plaintiff Laura Jones's excessive use of force claim against Defendant Brian DeMatteis, as submitted in Instruction No. 8, we find in favor of

_____

Plaintiff (Laura Jones)              or              Defendant (Brian DeMatteis)

On Plaintiff Laura Jones's battery claim against Defendant Brian DeMatteis, as submitted in Instruction No. 9, we find in favor of

_____

Plaintiff (Laura Jones)              or              Defendant (Brian DeMatteis)

On Plaintiff Laura Jones's excessive use of force claim against Defendant Timothy Turner, as submitted in Instruction No. 11, we find in favor of

_____

Plaintiff (Laura Jones)              or              Defendant (Timothy Turner)

26

On Plaintiff Laura Jones's battery claim against Defendant Timothy Turner, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff (Laura Jones)                    or          Defendant (Timothy Turner)


On Plaintiff Laura Jones's excessive use of force claim against Defendant Jonathan Vanarsdale, as submitted in Instruction No. 14, we find in favor of

_____

Plaintiff (Laura Jones)                    or          Defendant (Jonathan Vanarsdale)


On Plaintiff Laura Jones's battery claim against Defendant Jonathan Vanarsdale, as submitted in Instruction No. 15, we find in favor of

_____

Plaintiff (Laura Jones)                    or          Defendant (Jonathan Vanarsdale)


**Note:**  Complete the following paragraphs only if one or more of the above findings is in favor of Plaintiff.  (If all of the above findings are in favor of Defendants, have your foreperson sign and date this form because you have completed your deliberations.)


We find the Plaintiff Laura Jones's damages under Instruction No. 17 to be:

$ _____ (stating the amount, or if you find that Plaintiff's damages have no monetary value, state the nominal amount of $1.00).


**Note**:  You may not award punitive damages against any particular Defendant unless you have first found against that Defendant and awarded the Plaintiff damages.

If you found against Defendant Brian DeMatteis as submitted in Instruction Nos. 8 (excessive use of force) or 9 (battery), then you must determine whether to assess punitive damages against Defendant Brian DeMatteis as submitted in Instruction Nos. 20 (with respect to excessive use of force) or 21 (with respect to battery).

27

We assess punitive damages against Defendant Brian DeMatteis as follows:

$ _____ (state the amount or, if none, write the word "none").

If you found against Defendant Timothy Turner as submitted in Instruction Nos.11 (excessive use of force) or 12 (battery), then you must determine whether to assess punitive damages against Defendant Timothy Turner as submitted in Instruction Nos. 20 (with respect to excessive use of force) or 21 (with respect to battery).

We assess punitive damages against Defendant Timothy Turner as follows:

$ _____ (state the amount or, if none, write the word "none").

If you found against Defendant Jonathan Vanarsdale as submitted in Instruction Nos. 14 (excessive use of force) or 15 (battery), then you must determine whether to assess punitive damages against Defendant Jonathan Vanarsdale as submitted in Instruction Nos. 20 (with respect to excessive use of force) or 21 (with respect to battery).

We assess punitive damages against Defendant Jonathan Vanarsdale as follows:

$ _____ (state the amount or, if none, write the word "none").

_____
Foreperson

Date:_____

28